1
2
3
4                    UNITED STATES DISTRICT COURT
5                   NORTHERN DISTRICT OF CALIFORNIA
6
7    LARRY LEWIS HIGHTOWER,                    Case No.  15-cv-03966-YGR (PR)
            Plaintiff,
8                                              **ORDER OF PARTIAL DISMISSAL AND**
           v.                                  **SERVICE**
9
10   DR. EDWARD BIRDSONG,
            Defendant.
11

12          Plaintiff, a state prisoner currently incarcerated at Salinas Valley State Prison ("SVSP"),

13   has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.  He alleges a claim of deliberate

14   indifference to medical needs against SVSP Physician Edward Birdsong, M.D., stemming from

15   severe complications from treatment Plaintiff received from February and April 2013.  Dkt. 1 at 3.

16          Plaintiff has filed a motion for leave to proceed *in forma pauperis*, which will be granted in

17   a separate written Order.

18          Venue is proper because the events giving rise to the claim are alleged to have occurred at

19   SVSP which is located in this judicial district.  *See* 28 U.S.C. § 1391(b).

20          In his complaint, Plaintiff has named Defendant Birdsong and the California Department

21   of Corrections and Rehabilitation ("CDCR").  Plaintiff seeks monetary damages.

22                                  **DISCUSSION**

23   **I.    STANDARD OF REVIEW**

24          A federal court must conduct a preliminary screening in any case in which a prisoner seeks

25   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

26   § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims

27   that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

28   monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1), (2).  *Pro se*

United States District Court
Northern District of California

1  pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

2  Cir. 1988).

3      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements,

4  namely that:  (1) a right secured by the Constitution or laws of the United States was violated, and

5  (2) the alleged violation was committed by a person acting under the color of state law.  *West v.*

6  *Atkins*, 487 U.S. 42, 48 (1988).

7  **II.    LEGAL CLAIMS**

8      **A.    Claim Against CDCR**

9      The Eleventh Amendment prevents the CDCR, which is a state agency, from being sued in

10  federal court.  *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156,1161 (9th Cir.

11  2003) (Eleventh Amendment bars suit against state superior court and its employees); *Bennett v.*

12  *California*, 406 F.2d 36, 39 (9th Cir. 1969) (California Adult Authority and California Department

13  of Corrections not persons within meaning of Civil Rights Act); *see also Raygor v. Regents of the*

14  *University of Minnesota*, 534 U.S. 533, 541-42 (2002) (Eleventh Amendment bar includes state

15  law claims brought against a state in federal court under the supplemental jurisdiction statute, 28

16  U.S.C. § 1367).  All claims against the CDCR—state and federal—are DISMISSED.

17      **B.    Deliberate Indifference to Medical Needs Claim**

18      Deliberate indifference to serious medical needs violates the Eighth Amendment's

19  proscription against cruel and unusual punishment.  *See Estelle v. Gamble*, 429 U.S. 97, 104

20  (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*,

21  *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Jones v.*

22  *Johnson*, 781 F.2d 769, 771 (9th Cir. 1986).  A determination of "deliberate indifference" involves

23  an examination of two elements: the seriousness of the prisoner's medical need and the nature of

24  the defendant's response to that need.  *See McGuckin*, 974 F.2d at 1059.  A "serious" medical

25  need exists if the failure to treat a prisoner's condition could result in further significant injury or

26  the "unnecessary and wanton infliction of pain."  *Id.* (citing Estelle v. Gamble, 429 U.S. at 104).

27  A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial

28  risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Farmer*

United States District Court
Northern District of California

2

1   *v. Brennan*, 511 U.S. 825, 837 (1994).

2       Liberally construed, Plaintiff's allegations that Defendant Birdsong prescribed certain

3   "highly dangerous" medication for a "sinus problem" and caused Plaintiff to suffer gout, "deep

4   vein thrombosis, and pulmonary embolism" state a cognizable deliberate indifference claim

5   against Defendant Birdsong.  Plaintiff claims that he is "experiencing lifelong threats of recurring

6   blood clots, debilitating pain as well as swollen limbs even after two years of this misdiagnosis."

7   Dkt. 1 at 3.  Accordingly, this claim may proceed against this Defendant.

8                                    **CONCLUSION**

9       For the foregoing reasons, the Court orders as follows:

10      1.      All claims against the CDCR—state and federal—are DISMISSED.

11      2.      Plaintiff states a cognizable Eighth Amendment claim for deliberate indifference to

12  Plaintiff's serious medical needs against Defendant Birdsong.

13      3.      The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of

14  Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint

15  and all attachments thereto (dkt. 1) and a copy of this Order to **SVSP Physician Edward**

16  **Birdsong, M.D.**  The Clerk shall also mail a copy of the complaint and a copy of this Order to the

17  State Attorney General's Office in San Francisco.  Additionally, the Clerk shall mail a copy of this

18  Order to Plaintiff.

19      4.      Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires

20  Defendant to cooperate in saving unnecessary costs of service of the summons and complaint.

21  Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on

22  behalf of Plaintiff, to waive service of the summons, fail to do so, Defendant will be required to

23  bear the cost of such service unless good cause be shown for the failure to sign and return the

24  waiver form.  If service is waived, this action will proceed as if Defendant had been served on the

25  date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be

26  required to serve and file an answer before **sixty (60) days** from the date on which the request for

27  waiver was sent.  (This allows a longer time to respond than would be required if formal service of

28  summons is necessary.)  Defendant is asked to read the statement set forth at the foot of the waiver

United States District Court
Northern District of California

form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendant has been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

5.   Defendant shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

a.   No later than **sixty (60) days** from the date their answer is due, Defendant shall file a motion for summary judgment or other dispositive motion.  The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[1] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment).  A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice.  However, the Court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendant may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion.  *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an unenumerated Rule 12(b) motion).  Otherwise if a failure to exhaust is not clear on the face of the complaint, Defendant must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56.  *Id.*  If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendant is entitled to summary judgment under Rule 56.  *Id.*

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

United States District Court
Northern District of California

But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 1168.

If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b.       Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **twenty-eight (28) days** after the date on which Defendant's motion is filed.

c.       Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that Defendant argues that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by

5

you or others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein.  As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case.  *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendant's obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  *Woods*, 684 F.3d at 935.)

d.      Defendant shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

e.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6.      Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

7.      All communications by Plaintiff with the Court must be served on Defendant or Defendant's counsel, once counsel has been designated, by mailing a true copy of the document to them.

8.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro*

*se* party indicating a current address.  *See* L.R. 3-11(b).

        9.     Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

        IT IS SO ORDERED.

Dated:  January 6, 2016

                                         _____

                                       YVONNE GONZALEZ ROGERS
                                       United States District Judge

United States District Court
Northern District of California