UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY LEWIS HIGHTOWER,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD BIRDSONG,<br><br>Defendant. | Case No. 15-cv-03966-YGR (PR)<br><br>**ORDER DIRECTING FURTHER BRIEFING ON MOTION FOR TRO; AND GRANTING DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR SUMMARY JUDGMENT** |

      Plaintiff, a state prisoner currently incarcerated at Salinas Valley State Prison ("SVSP"), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He alleged a claim of deliberate indifference to medical needs against Defendant SVSP Physician Edward Birdsong, M.D., stemming from severe complications from treatment Plaintiff received from February and April 2013. Dkt. 1 at 3. On January 6, 2016, the Court ordered service of process on Defendant. Dkt. 9. Service of process has been accomplished as to Defendant. Defendant has requested a ninety-day extension of time in which to file a dispositive motion in this action.

      On April 21, 2016, Plaintiff filed an *ex parte* motion for a temporary restraining order ("TRO") in which he contended that he had an appointment at the SVSP Correctional Treatment Center on March 29, 2016, but he refused to be examined when he found the appointment was with Defendant. Dkt. 16 at 1-2. Plaintiff further alleges that he needs to be examined for "medical issues resultive [sic] of the prior medical treatment by Defendant Birdsong." Id. at 1. However, Plaintiff claims that he "should not be denied further medical treatment proximate of refusing healthcare services from Defendant Birdsong." Id. at 2. On May 9, 2016, Defendant filed a response to the motion for a TRO. Dkt. 17. However, Defendant's response is not supported with adequate factual documentation. Defendant is directed to file further briefing on the motion for a TRO, and the parties shall abide by the briefing schedule outlined below.

In light of the foregoing, the Court now orders the following:

1. Within **twenty-eight (28) days** of the date of this Order, Defendant shall file further briefing on the motion for a TRO. The supplemental response to the motion for a TRO shall be supported by adequate factual documentation and shall conform in all respects to the Federal Rules of Civil Procedure, and all papers filed with the Court shall be promptly served on Plaintiff. Defendant is specifically directed to inform the Court of the medical care being offered to Plaintiff in light of his refusal to be treated by Defendant. Plaintiff may file a reply to Defendant's supplemental response within **twenty-eight (28) days** of the date that response is filed. Plaintiff's reply should also be supported by adequate factual documentation and should demonstrate why he satisfies the following standard:

The standard for issuing a TRO is similar to that required for a preliminary injunction. *See Los Angeles Unified Sch. Dist. v. United States Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981). To obtain a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in the moving party's favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief[.]" *Id.* at 22.

The Prison Litigation Reform Act requires further that preliminary injunctions relating to prison conditions "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). The court must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief." 18 U.S.C. § 3626(a)(2).

2. Defendant's request for an extension of time to file a motion for summary judgment or other dispositive motion is GRANTED. Dkt. 15. Defendant shall file the motion no later than **ninety (90) days** of the date of this Order. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **twenty-eight (28) days**

after the date that Defendant's motion is filed.  Defendant shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

       3.      This Order terminates Docket No. 15.

IT IS SO ORDERED.

Dated: May 11, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Judge