UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LARRY LEWIS HIGHTOWER,

        Plaintiff,

      v.

EDWARD BIRDSONG,

        Defendant.

Case No.  15-cv-03966-YGR (PR)

**ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO FILE OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; AND DENYING PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF**

## INTRODUCTION

      Plaintiff, a state prisoner currently incarcerated at Salinas Valley State Prison ("SVSP"), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.  He alleged a claim of deliberate indifference to medical needs against Defendant SVSP Physician Edward Birdsong, M.D., stemming from severe complications from treatment Plaintiff received from February and April 2013.  Dkt. 1 at 3.  On January 6, 2016, the Court ordered service of process on Defendant.  Dkt. 9.

      Before the Court is Plaintiff's motion for a preliminary injunction.  Dkt. 16.

      Also before the Court is Defendant's motion for summary judgment.  Dkt. 24.  Plaintiff did not file a timely opposition to the motion for summary judgment, and instead, on October 19, 2016, he filed a document entitled, "Plaintiff's Motion for Extension of Time to File Responce [sic] to Defendant[']s Motion for Summary Judgment."  Dkt. 26.

      The Court will resolve Plaintiff's pending motions below.

## I.    PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO FILE OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

      In his "Motion for Extension of Time to File Response [sic] to Defendant[']s Motion for Summary Judgment," Plaintiff makes a conclusory argument that outstanding discovery issues prevent him from filing an opposition to Defendant's motion for summary judgment.  *Id.* at 4.  Specifically, Plaintiff claims that he served "discovery documents on Defendant Birdsong" on September 7, 2016, and that these "discovery documents are needed in order to oppose

United States District Court
Northern District of California

1    Defendant's motion for summary judgment." *Id.* at 5.  Thus, the Court construes Plaintiff's

2    motion as a request for a continuance pursuant to Federal Rule of Civil Procedure 56(d), which

3    involves a procedure by which a party may avoid summary judgment when such party has not had

4    sufficient opportunity to discover affirmative evidence necessary to oppose the motion.  *See*

5    *Garrett v. San Francisco*, 818 F. 2d 1515, 1518 (9th Cir. 1987).  In particular, Rule 56(d) provides

6    that a court may deny a summary judgment motion and permit the opposing party to conduct

7    discovery where it appears that the opposing party, in the absence of such discovery, is unable to

8    present facts essential to opposing the motion.   *See* Fed. R. Civ. P. 56(d).

9        Defendant opposes Plaintiff's request under Rule 56(d) and argue that Plaintiff failed to

10   comply with the requirements of Rule 56(d), stating as follows:

11           [Plaintiff's] brief and conclusory declaration does not identify the
             facts that the discovery would provide.  He has not shown that the
12           facts exist.  He has not shown that the facts to be obtained from
             discovery are essential to oppose the motion for summary judgment.
13           Plaintiff has not shown that the information he wishes to obtain from
             Dr. Birdsong would have any effect on the court's determination of
14           Defendant['[]s motion for summary judgment.

15   Dkt. 27 at 4 (brackets added).  Furthermore, Defendant argues that Plaintiff has not been diligent

16   in seeking discovery.  *Id.* at 5.  Defendant claims that while Plaintiff had filed the instant

17   complaint "more than fourteen months ago," it was "undisputed that Plaintiff only recently

18   propounded discovery."  *Id.*  Defendant argues that "[i]t is not an abuse of discretion to deny a

19   request to defer consideration of a motion for summary judgment where, as here, the movant has

20   failed to diligently pursue discovery in the past."  *Id.* (citing *California Union Ins. Co. v. Am.*

21   *Diversified Sav. Bank*, 914 F.2d 1271, 1278 (9th Cir. 1990) (internal citations omitted)).

22       Thereafter, Plaintiff filed a reply to Defendant's opposition.  Dkt. 28.  Plaintiff claims that

23   he is seeking "initial discovery," but he does not elaborate on what discovery he is seeking and

24   why such discovery is necessary to oppose Defendant's motion for summary judgment.  *Id.* at 1.

25   Instead, Plaintiff again makes a conclusory statement that "[t]he discovery sought is needed to

26   oppose the Defendant['[]s motion for summary judgment."  *Id.* at 2.  Finally, Plaintiff states that if

27   the Court denies his Rule 56(d) motion, then he requests an extension of thirty days (from the date

28   of the Court's ruling) to file his response to Defendant's motion for summary judgment.

United States District Court
Northern District of California

1        Rule 56(d) allows the Court to defer consideration of a motion where "a nonmovant shows

2   by affidavit or declaration that, for specified reasons, it cannot represent facts essential to justify

3   its opposition."  To obtain relief under Rule 56(d), "[t]he requesting party must show: (1) it has set

4   forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts

5   sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family*

6   *Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

7        Here, Plaintiff failed to file the required affidavit setting forth specific facts he hopes to

8   elicit from discovery, a deficiency that itself justifies denying the instant Rule 56(d) request.

9   Specifically, Plaintiff fails to describe the specific facts that would be revealed or why this

10  discovery would preclude summary judgment. "Failure to comply with the requirements of Rule

11  [56(d)] is a proper ground for denying discovery and proceeding to summary judgment." *Brae*

12  *Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986).  Therefore, Plaintiff's

13  request for a continuance pursuant to Rule 56(d) is DENIED.

14       However, the Court finds that a brief extension of time for Plaintiff to file his opposition is

15  warranted.  Accordingly, Plaintiff's "Motion for Extension of Time to File Responce [sic] to

16  Defendant[']s Motion for Summary Judgment" is DENIED in part and GRANTED in part.  Dkt.

17  26.  As mentioned above, Plaintiff's request for a continuance pursuant to Rule 56(d) is DENIED.

18  However, the Court GRANTS Plaintiff's alternative request for a brief extension of time to file his

19  opposition to the motion for summary judgment.  The parties shall abide by the briefing schedule

20  outlined below.

21  **II.      PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

22       On April 21, 2016, Plaintiff filed an *ex parte* motion for a temporary restraining order

23  ("TRO") in which he contended that he had an appointment at the SVSP Correctional Treatment

24  Center on March 29, 2016, but he refused to be examined when he found the appointment was

25  with Defendant.  Dkt. 16 at 1-2.  Plaintiff further alleges that he needs to be examined for

26  "medical issues resultive [sic] of the prior medical treatment by Defendant Birdsong."  *Id.* at 1.

27  However, Plaintiff claims that he "should not be denied further medical treatment proximate of

28  refusing healthcare services from Defendant Birdsong."  *Id.* at 2.  On May 9, 2016, Defendant

3

1   filed a response to the motion for a TRO.  Dkt. 17.  However, in an Order dated May 11, 2016, the

2   Court determined that Defendant's response was not supported with adequate factual

3   documentation.  Dkt. 18 at 1.  The Court then directed Defendant to file further briefing on the

4   motion for a TRO.  *Id.* at 2.  Thereafter, Defendant filed a second opposition to Plaintiff's motion

5   for a TRO along with his declaration.  Dkts. 19, 19-1.  In his declaration, Defendant claims that he

6   "does not treat [Plaintiff] directly."  Dkt. 19 at 3; Birdsong Decl. ¶ 3.  Defendant further claims

7   that Plaintiff has "ready access to the 'D' Yard physician and is not being denied medical

8   treatment" at "the 'D' Yard Medical Clinic, which, except on rare occasions, is staffed by another

9   physician."  Dkt. 19 at 3; Birdsong Decl. ¶ 5.

10      "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on

11   the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

12   balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v.*

13   *Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).  *Winter* did not, however,

14   completely reject the validity of the sliding scale approach to preliminary injunctions.  *Alliance for*

15   *the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011).  Under the "sliding scale"

16   approach used in the Ninth Circuit—also dubbed the "serious question" test in *Alliance for Wild*

17   *Rockies*—"the elements of the preliminary injunction test are balanced, so that a stronger showing

18   of one element may offset a weaker showing of another."  *Id.* at 1131.  Thus, even after *Winter*,

19   "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff

20   can support issuance of an injunction, assuming the other two elements of the *Winter* test are also

21   met."  *Id.* at 1132 (citations and internal quotation marks omitted).

22      Plaintiff's motion for preliminary injunction is DENIED.  Dkt. 16.  Plaintiff has not

23   satisfied the *Winter* standard for a preliminary injunction because he has not established a

24   likelihood of success on the merits of his deliberate indifference claim.  The record shows that

25   Defendant does not treat Plaintiff directly, and that Plaintiff has ready access to the "D" Yard

26   physician and is not being denied medical treatment.  Birdsong Decl. ¶¶ 3, 5.  Plaintiff also has not

27   satisfied the *Alliance for Wild Rockies* standard because: (1) Plaintiff does not face irreparable

28   harm in the absence of an injunction—the record shows he obtains medical treatment, as

United States District Court
Northern District of California

4

United States District Court
Northern District of California

necessary, even when he refuses treatment from Defendant, because the "D" Yard Medical Clinic is staffed by another physician, *see* Birdsong Decl. ¶ 4; and (2) granting Plaintiff's request to require the CDCR to prohibit Defendant from providing any and all health care services to Plaintiff during this litigation is too broad a request that would adversely impact SVSP's operations and its ability to offer medical treatment to Plaintiff and its inmates, especially in light of the fact that on rare occasions, "it is possible that [Defendant] would see [Plaintiff] for [a] follow-up appointment" when Defendant "occasionally" fills in for the "D" Yard physician if he is absent, *see id.* Finally, to grant such a request from Plaintiff would result in the Court interfering with the ordinary day-to-day operations of the prison, which generally federal courts are discouraged from doing. *See Turner v. Safley*, 482 U.S. 78, 84-85 (1987) ("Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint. Where a state penal system is involved, federal courts have . . . additional reason to accord deference to the appropriate prison authorities.")

Accordingly, Plaintiff's motion for a TRO, which has been construed as a motion for a preliminary injunction, is DENIED. Dkt. 16.

## CONCLUSION

For the reasons outlined above, the Court orders as follows:

1.      Plaintiff's "Motion for Extension of Time to File Responce [sic] to Defendant[']s Motion for Summary Judgment" is DENIED in part and GRANTED in part. Dkt. 26. Plaintiff's request for a continuance pursuant to Rule 56(d) is DENIED. However, Plaintiff's request for a brief extension of time to file his opposition is GRANTED. The parties shall abide by the following briefing schedule:

a.      No later than **thirty (30) days** from the date of this Order, Plaintiff shall file his opposition to Defendant's motion for summary judgment.

b.      Defendant shall file a reply no later than **fourteen (14) days** from the date

1   the opposition is filed.

2           c.      **No further extensions of time will be granted absent extraordinary**

3   **circumstances.**

4           2.      Plaintiff's motion for a TRO, which has been construed as a motion for a

5   preliminary injunction, is DENIED.  Dkt. 16.

6           3.      This Order terminates Docket Nos. 16 and 26.

7           IT IS SO ORDERED.

8   Dated:  January 10, 2017

9
                                                    _____
10                                                  YVONNE GONZALEZ ROGERS
                                                    United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

6