| | |
|---|---|
| LARRY LEWIS HIGHTOWER,<br><br>Plaintiff,<br><br>v.<br><br>DR. EDWARD BIRDSONG,<br><br>Defendant. | Case No. 15-cv-03966-YGR (PR)<br><br>**ORDER GRANTING PLAINTIFF EXTENSION OF TIME TO FILE HIS OPPOSITION AND MOTION FOR SUBSTITUTION; DIRECTING DEFENDANT'S COUNSEL TO COMPLY WITH RULE 25; AND SETTING NEW BRIEFING SCHEDULE** |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. He alleged a claim of deliberate indifference to medical needs against Defendant SVSP Physician Edward Birdsong, M.D., stemming from severe complications from treatment Plaintiff received from February and April 2013. Dkt. 1 at 3.

Defendant has moved for summary judgment, contending that he was not deliberately indifferent to Plaintiff's serious medical needs, and that Defendant is entitled to qualified immunity. *See* Dkt. 24. To date, even after being granted an extension of time to do so, Plaintiff has not filed opposition to Defendant's motion for summary judgment.

Instead, Plaintiff has filed a document entitled, "Plaintiff's Reply to Defendant[']s Opposition to Plaintiff[']s Motion for Extension of Time to Respond to Motion for Summary Judg[]ment," which the Court construes as yet another motion for an extension of time to file his opposition. Dkt. 31. To the extent that Plaintiff is requesting an extension to conduct further discovery, the Court in its January 10, 2017 Order previously denied such a request for a continuance pursuant to Federal Rule of Civil Procedure 56(d), which involves a procedure by which a party may avoid summary judgment when such party has not had sufficient opportunity to discover affirmative evidence necessary to oppose the motion. *See* Dkt. 30 at 1-3 (citing *Garrett v. San Francisco*, 818 F. 2d 1515, 1518 (9th Cir. 1987)). Therefore, for the same reasons stated in its January 10, 2017 Order, the Court DENIES such a request for a continuance pursuant to Rule 56(d). However, the Court GRANTS Plaintiff another brief extension of time to file his opposition. The parties shall abide by the briefing schedule outlined below.

1 Also before the Court is Plaintiff's March 9, 2017 filing entitled, "Letter of Intent and Amendment." Dkt. 34. In that filing, Plaintiff informs the Court that Defendant Birdsong has passed away. *Id.* at 1. He then advises the Court that he intends to seek leave to amend his complaint to: (1) name the Warden of Salinas Valley State Prison and Secretary of the California Department of Corrections and Rehabilitation as Defendants; and (2) to substitute the Estate of Defendant Birdsong as a Defendant. *See id.* However, to date, Plaintiff has not filed any motion for substitution. Therefore, the Court GRANTS Plaintiff an extension of time to do so, as directed below.

Finally, on April 17, 2017, counsel for Defendant Birdsong filed a document confirming that Defendant Birdsong indeed passed away on February 9, 2017. Dkt. 35 at 1. In that document, Defendant's counsel states that she has had "no contact with Dr. Birdsong's family, successors or representatives." *Id.* at 2. Defendant's counsel further adds that she has "reviewed online records for Monterey County Superior Court but has located no probate proceedings for Dr. Birdsong's estate." *Id.*

Federal Rule of Civil Procedure 25(a)(1) states as follows: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1). Rule 25(a)(1) also provides for the dismissal of a party if a motion for substitution is not made within ninety days after service of a statement noting that party's death. *Id.* Two requirements are necessary for the running of the ninety-day period to commence: a party must (1) formally suggest the death of the party on the record, and (2) serve the suggestion of death on the other parties and nonparty successors or representatives. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). Thus, a party may be served the suggestion of death by service on his or her attorney, *see* Fed. R. Civ. P. 5(b), while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons, *see* Fed. R. Civ. P. 25(a)(3); *Barlow*, 39 F.3d at 232-34. Rule 25 requires dismissal absent a motion for substitution within the ninety-day period only if the statement of death was properly served. *Unicorn Tales, Inc., v. Bannerjee*, 138 F.3d 467, 469-71 (2d Cir. 1998).

About three months have passed since the date of Defendant's death. Defendant's counsel must comply with the two requirements of Rule 25 set forth above. Defendant's counsel is also directed to conduct a more reasonable investigation into the status of Defendant's estate. If counsel is able to obtain the name and address of the representative of Defendant's estate, the Court orders counsel to serve nonparty successors or representatives of Defendant with a suggestion of death in the manner required by Rule 25(a)(3), and to notify the Court by filing a proof of service reflecting of the name and address of the individual so notified, as well as the date of compliance, as directed below. *See* Fed. R. Civ. P. 25(a)(3).

## CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Plaintiff's motion for an extension of time to file his opposition is DENIED in part and GRANTED in part. Dkt. 31. Plaintiff's request for a continuance pursuant to Rule 56(d) is DENIED. However, the Court GRANTS Plaintiff another brief extension of time to file his opposition. The parties shall abide by the following briefing schedule:

    a. No later than **twenty-eight (28) days** from the date of this Order, Plaintiff shall file his opposition to Defendant's motion for summary judgment.

    b. Defendant shall file a reply no later than **fourteen (14) days** from the date the opposition is filed.

    c. **No further extensions of time will be granted absent extraordinary circumstances.**

2. Counsel for Defendant must comply with the two requirements of Rule 25 by: (1) filing a formal notice of suggestion of death on the record; and (2) serving nonparty successors or representatives of Defendant with a suggestion of death in the manner required by Rule 25(a)(3). Defendant's counsel shall notify the Court by filing a proof of service reflecting of the name and address of the individual so notified, as well as the date of compliance. If counsel is unable to obtain information about a successor or representative, counsel shall file a declaration in which counsel describes the efforts made to comply with this Order. In either case, counsel is directed to file one or the other, along with the formal notice of suggestion of death, within

1 **twenty-eight (28) days** of the filing date of this Order.

2     3.    Plaintiff is GRANTED an extension of time to file a motion for substitution. He
3 may file a motion for substitution within **twenty-eight (28) days** of the filing date of this Order.

4     4.    All communications by the Plaintiff with the court must be served on Defendant's
5 counsel, by mailing a true copy of the document to Defendant's counsel.

6     5.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court
7 and all parties informed of any change of address and must comply with the Court's Orders in a
8 timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
9 pursuant to Federal Rule of Civil Procedure 41(b).

10     IT IS SO ORDERED.

11 Dated: May 15, 2017

_____
YVONNE GONZALEZ ROGERS
United States District Judge