UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY LEWIS HIGHTOWER, JR., <br> Plaintiff, <br> v. <br> DR. EDWARD BIRDSONG, <br> Defendant. | Case No. 15-cv-03966-YGR (PR) <br><br> **ORDER (1) DENYING PLAINTIFF'S MOTION TO SUBSTITUTE DEFENDANT AND AMEND COMPLAINT WITHOUT PREJUDICE TO REFILING; (2) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE TO REFILING; (3) STAYING PROCEEDINGS; AND (4) ADMINISTRATIVELY CLOSE CASE** |

## I. INTRODUCTION

This action is now before the Court to address issues arising from the death of Defendant Dr. Edward Birdsong. Pending before the Court is the deceased defendant's motion for summary judgment. Dkt. 24. Also pending is Plaintiff's motion entitled, "Motion for Amendment, and Substitution, and [Request for] Defendant's Counsel to Comply With Rule 25." Dkt. 41.

For the reasons explained below, the Court will: (1) deny Plaintiff's "Motion for Amendment, and Substitution, and [Request for] Defendant's Counsel to Comply With Rule 25," without prejudice to refiling upon following the proper procedure to substitute in a proper defendant in place of the deceased defendant; (2) deny the pending motion for summary judgment without prejudice to refiling; and (3) stay the proceedings and administratively close the case, and do nothing further until (a) Plaintiff uses the correct procedure to move to substitute in a proper defendant in place of the deceased defendant, or (b) the deceased defendant's representative either (i) files a proper document that triggers the 90-day deadline in Federal Rule of Civil Procedure 25(a) (for Plaintiff to file a motion for substitution) or (ii) moves to substitute in as the proper defendant.

## II. BACKGROUND

Plaintiff, a state prisoner incarcerated at Salinas Valley State Prison ("SVSP"), filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Dkt. 1. Plaintiff named Defendant as well as the

California Department of Corrections and Rehabilitation ("CDCR").[1] *Id.* at 1-2.

Upon screening the complaint, the Court dismissed all claims against the CDCR—state and federal—because the Eleventh Amendment prevents the CDCR, which is a state agency, from being sued in federal court. Dkt. 9 at 2. The Court found that Plaintiff had alleged a cognizable claim under 42 U.S.C. § 1983 against Defendant for deliberate indifference to medical needs in violation of Plaintiff's Eighth Amendment rights, stemming from severe complications from treatment he received from February and April 2013. *Id.* at 2-3. Defendant was then served with process. As mentioned above, Defendant moved for summary judgment, contending that he was not deliberately indifferent to Plaintiff's serious medical needs, and that Defendant is entitled to qualified immunity. *See* Dkt. 24.

On March 9, 2017, Plaintiff filed a document entitled, "Letter of Intent and Amendment." Dkt. 34. In that filing, Plaintiff informed the Court that Defendant Birdsong has passed away. *Id.* at 1. Plaintiff then advised the Court that he intended to seek leave to amend his complaint to: (1) name the SVSP Warden and CDCR Secretary as Defendants; and (2) to substitute the Estate of Defendant Birdsong as a Defendant. *See id.*

On April 17, 2017, counsel for Defendant, Lynne G. Stocker, Esq., filed a document confirming that Defendant had indeed passed away on February 9, 2017. Dkt. 35 at 1. Defense counsel stated that she had "no contact with Dr. Birdsong's family, successors or representatives." *Id.* at 2. Defense counsel further added that she "reviewed online records for Monterey County Superior Court but has located no probate proceedings for Dr. Birdsong's estate." *Id.*

Due to the issues presented by Defendant's death, the Court, in an Order dated May 15, 2017, directed defense counsel to comply with the requirements of Federal Rule of Civil Procedure 25 by: (1) filing a formal notice of suggestion of death on the record; and (2) serving nonparty successors or representatives of Defendant with a suggestion of death in the manner required by Rule 25(a)(3). Dkt. 36 at 3. The Court further instructed defense counsel to conduct a more reasonable investigation into the status of Defendant's estate, stating as follows:

---

[1] The Court notes that Plaintiff did not name any other Defendants or any Doe Defendants.

2

> If counsel is able to obtain the name and address of the representative of Defendant's estate, the Court orders counsel to serve nonparty successors or representatives of Defendant with a suggestion of death in the manner required by Rule 25(a)(3), and to notify the Court by filing a proof of service reflecting of the name and address of the individual so notified, as well as the date of compliance . . . .

*Id.* at 3 (citing Fed. R. Civ. P. 25(a)(3)). Finally, because Plaintiff had not yet filed a motion for substitution, the Court granted him an extension of time to do so. *Id.* at 3-4.

On June 12, 2017, defense counsel filed a declaration (in response to the Court's May 15, 2017 Order) on behalf of the specially appearing CDCR. Dkt. 37. Counsel stated that a "petition in probate had been filed by a John Birdsong under Case No. 17PR000131." *Id.* at 2. Counsel further explained that John Birdsong was represented by Linda Takahashi, Esq., and counsel stated as follows:

> On May 30, 2017 and June 7, 2017, I spoke by telephone with Ms. Takahashi. We discussed the status of this case and the Court's Order. Ms. Takahashi stated that she does not have authorization from her client to release his personal contact information to me.

Stocker Decl. ¶ 7.

Also on June 12, 2017, defense counsel filed a "Suggestion of Death of Defendant Dr. Edward Birdsong," which indicates that Defendant "is deceased as of February 9, 2017." Dkt. 38.

As mentioned above, Plaintiff has filed a motion entitled, "Motion for Amendment, and Substitution, and [Request for] Defendant's Counsel to Comply With Rule 25," in which he requests to substitute Defendant with the "Dr. Edward Birdsong Estate," and to add the following as named Defendants: CDCR Secretary Scott Kernan, SVSP Warden W. L. Muniz, and Dr. Kumar. Dkt. 41 at 1-3. Plaintiff also requests that the Court issue an order directing defense counsel to share information regarding counsel's investigation into Defendant's probate estate. *Id.* at 2. In the opposition to Plaintiff's motion, defense counsel indicated that said information was provided to Plaintiff on June 12, 2017. Dkt. 44 at 2 (citing Dkt. 37 (Attorney Stocker's Declaration)). Defense counsel also requests that the court deny Plaintiff's motion to amend the complaint as "unduly prejudicial, as futile, as legally insufficient, and as barred by the applicable statute of limitations." *Id.* at 3-7.

## III. ANALYSIS

Defendant's death raises three issues. First, the death of Defendant during the litigation does not automatically end this action but does require that Plaintiff take certain specific action to file a claim with the decedent's estate if he wishes to pursue his complaint. The law of the forum state determines whether a section 1983 action survives or is extinguished upon the death of a party. *See* 42 U.S.C. § 1988(a); *Robertson v. Wegmann*, 436 U.S. 584, 592-95 (1978). Under California law, "[e]xcept as otherwise provided by statute, a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period." Cal. Civ. Proc. Code § 377.20(a). "Subject to Part 4 (commencing with Section 9000) of Division 7 of the Probate Code governing creditor claims, a cause of action against a decedent that survives may be asserted against the decedent's personal representative or, to the extent provided by statute, against the decedent's successor in interest." Cal. Civ. Proc. Code § 377.40. That introductory phrase in California Code of Civil Procedure § 377.40 is critical—the plaintiff must comply with the claims presentation requirements of California Probate Code § 9000 et seq., or he will be unable to pursue his cause of action against the decedent's personal representative. *See* Cal. Prob. Code § 9370(a). According to California Probate Code § 9370:

> (a) An action or proceeding pending against the decedent at the time of death may not be continued against the decedent's personal representative unless all of the following conditions are satisfied:
>
> (1) A claim is first filed as provided in this part.
>
> (2) The claim is rejected in whole or in part.
>
> (3) Within three months after the notice of rejection is given, the plaintiff applies to the court in which the action or proceeding is pending for an order to substitute the personal representative in the action or proceeding. This paragraph applies only if the notice of rejection contains a statement that the plaintiff has three months within which to apply for an order for substitution.
>
> (b) No recovery shall be allowed in the action against property in the decedent's estate unless proof is made of compliance with this section.

Cal. Prob. Code § 9370. Here, Plaintiff's section 1983 claim can survive the death of Defendant, but Plaintiff must comply with the claims presentation requirements of the California Probate

4

Code if he wants to pursue this action against Defendant's personal representative. This Court will not relieve him of those obligations or assist him in satisfying those obligations.

Second, a proper defendant will need to be substituted in place of Defendant. Here, Plaintiff has filed a motion to substitute *without* complying with the California Probate Code claim presentation requirements. Therefore, Plaintiff's motion for substitution is DENIED as premature. *See* Dkt. 41. After Plaintiff complies with such requirements, he may refile a motion to substitute in a proper defendant in place of Defendant. Plaintiff should also review Federal Rule of Civil Procedure 25(a)(1), which states as follows:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Rule 25(a) "describes the manner in which parties are to be substituted in federal court once it is determined that the applicable substantive law allows the action to survive a party's death." *Robertson v. Wegmann*, 436 U.S. 584, 587 n.3 (1978) (internal quotation marks and citation omitted); *see also First Idaho Corp. v. Davis*, 867 F.2d 1241, 1242 (9th Cir. 1989) ("Rule 25(a) dictates the method of substitution of parties in the federal courts and is purely procedural"). A proper party under Rule 25(a)(1) is the legal representative of the decedent, e.g., the executor of the decedent's Will or the administrator of his Estate. *See Mallonee v. Fahey*, 200 F.2d 918, 919-20 (9th Cir. 1953). Here, the Court notes that Plaintiff has requested to substitute "Dr. Edward Birdsong Estate" as Defendant. *See* Dkt. 41 at 2. Such a request is not acceptable. Plaintiff needs to use the correct name of the legal representative of Defendant and needs to file a motion to substitute him or her in as a defendant. This also is something Plaintiff needs to do, and the Court will not do it on his behalf. Furthermore, the Court DENIES Plaintiff's request to amend the complaint to add three new defendants. Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). However, a motion to amend must be based upon good cause. *See id.* (attempt to amend complaint requiring

5

amendment of scheduling order under Federal Rule of Civil Procedure 16 must be based upon good cause). The Court notes that Plaintiff did not name any Doe Defendants in his original complaint, and he did not elaborate on how each of these new defendants is linked to his Eighth Amendment claim. Not only is Plaintiff's proposed amendment conclusory, but it could significantly widen the scope of the complaint. Plaintiff could have moved to amend at any time prior to the filing of the motion for summary judgment but did not. Defense counsel argues that the defense would be substantially prejudiced by such amendment coming at the eleventh hour, when there is a pending motion for summary judgment.[2] *See* Dkt. 44 at 5. Moreover, Plaintiff has not demonstrated any good cause for his late amendment, other than possibly the fact that the only named defendant is deceased. However, as explained above, Plaintiff has not filed a proper motion to substitute in a proper defendant in place of the deceased defendant. Accordingly, Plaintiff's motion for leave to amend his complaint to add new defendants is DENIED at this time, and the original complaint remains the operative complaint. (The Court notes that Plaintiff is not barred from filing any further amendments *after* he complies with the California Probate Code claim presentation requirements and refiles a motion for substitution. Plaintiff is reminded that he must demonstrate good cause for his late amendment and link each newly named defendant to his Eighth Amendment claim.)

Third, although Rule 25(a)(1) provides a 90-day window to file a motion for substitution or the action will be dismissed, there are two requirements to trigger the commencement of that period, and neither requirement has been met in this action. The first requirement is that "a party must formally suggest the death of the party upon the record." *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). The advisory committee also recognized that a "representative of the deceased party [who] desires to limit the time within which another may make the motion" may

---

[2] While mere delay in seeking to amend is not grounds to deny amendment, leave need not be granted, where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *Janicki Logging Co.*, 42 F.3d at 566; *see also Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981) (district court's finding of prejudice to defendants sufficient to deny amendment, because motion to amend came at eleventh hour, when summary judgment pending and discovery period had closed, affirmed as proper exercise of district court's discretion).

1  suggest the death upon the record. Fed. R. Civ. P. 25 advisory committee's note. The second

2  requirement is that the suggestion of death must be served on the parties to the action pursuant to

3  Federal Rule of Civil Procedure 5(b), "while non-party successors or representatives of the

4  deceased party must be served the suggestion of death in the manner provided by Rule 4 for the

5  service of a summons." *Barlow*, 39 F.3d at 233. As mentioned, this Court finds that neither of

6  Rule 25(a)'s requirements has been satisfied in this action. First, a "party" has not formally

7  suggested the death of the party upon the record. *See id.* Defense counsel who filed the

8  "Suggestion of Death of Defendant Dr. Edward Birdsong" had no continuing authority to

9  represent the now-deceased client, is not a party to this action and is not the legal representative of

10  Defendant's Estate. Therefore, the statement of death filed by defense counsel did not satisfy Rule

11  25(a). *See Woodson v. City of Richmond*, No. 3:13cv134, 2014 WL 7462509, at *2 (E.D. Va. Dec.

12  31, 2014) (deceased party's counsel is not allowed to file a statement noting a party's death under

13  Rule 25(a) because the lawyer is neither a party nor a representative or successor of the deceased

14  party); *id.* ("any notice of death filed by decedent's counsel is of no effect under Rule 25(a)(1) and

15  does not trigger the 90-day time period"); *cf. Fariss v. Lynchburg Foundry*, 769 F.2d 958 (4th Cir.

16  1985) (deceased party's counsel could not file a Rule 25(a) motion to substitute parties because his

17  authority to act ended with the death of his client). Even if defense counsel had the authority to

18  file the suggestion of death, she did not serve that statement in the manner required by Rule 25(a)

19  and therefore did not trigger the 90-day period within which Plaintiff must file a motion to

20  substitute a proper party. Defense counsel did not serve the statement of death on the "nonparty

21  successors or representatives of the deceased party. . . in the manner provided by Rule 4 for the

22  service of a summons." *See Barlow*, 39 F.3d at 233; *accord Giles v. Campbell*, 698 F.3d 153, 158

23  (3d Cir. 2012) (suggestion of death not served on the deceased party's successors or

24  representatives as required by Rule 25(a) and Rule 4 is deficient).

25        In sum, the Court DENIES Plaintiff's motion for substitution as premature because he

26  must first comply with the claims presentation requirements of the California Probate Code if he

27  wants to pursue this action against Defendant's personal representative. Dkt. 41. Plaintiff's

28  motion for leave to amend his complaint to add new defendants is also DENIED at this time, and

the original complaint remains the operative complaint. Plaintiff is not barred from filing any further amendments *after* he complies with the California Probate Code claim presentation requirements and refiles a motion to substitute Defendant. Plaintiff is reminded that he must demonstrate good cause for his late amendment and link each newly named defendant to his Eighth Amendment claim. The 90-day period in Rule 25(a) for Plaintiff to file a motion to substitute in a proper party in place of the deceased defendant has not yet been triggered because the suggestion of death has not been filed and served properly. It also is not clear whether or when that 90-day period ever will start. This action will remain at a standstill until Plaintiff files a proper motion to substitute the legal representative in place of Defendant or until Defendant's legal representative takes action. Because neither of these has occurred, this action could remain on the Court's docket without any resolution. Instead of allowing the action to linger on the Court's docket, the preferable approach is to stay these proceedings and administratively close the case until Plaintiff or Defendant's successor takes action to resolve the substitution standstill. This is not a suggestion that Plaintiff can wait for his opponent to act; to the contrary, Plaintiff must act diligently to comply with the claims presentation requirement of the California Probate Code and the deadlines therein to avoid losing forever his ability to pursue a claim against Defendant's legal representative.

Because the Court is staying these proceedings, the pending motion for summary judgment is DENIED without prejudice to refiling after the case has been reopened. Dkt. 24.

## IV. CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Plaintiff's "Motion for Amendment, and Substitution, and [Request for] Defendant's Counsel to Comply With Rule 25" is DENIED without prejudice to refiling. Dkt. 41. Specifically, the Court DENIES Plaintiff's motion for substitution as premature because he must first comply with the claims presentation requirements of the California Probate Code if he wants to pursue this action against Defendant's personal representative. Plaintiff's motion for leave to amend his complaint to add new defendants is also DENIED at this time, and the original complaint remains the operative complaint. Such a denial is without prejudice to refiling *after* he

complies with the California Probate Code claim presentation requirements and refiles his motion for substitution. Plaintiff is reminded that he must demonstrate good cause for his late amendment and link each newly named defendant to his Eighth Amendment claim. Finally, Plaintiff's request that the Court issue an order directing defense counsel to share information regarding counsel's investigation into Defendant's probate estate is DENIED as moot because the record shows that said information was provided to Plaintiff on June 12, 2017. *See* Dkt. 44 at 2 (citing Dkt. 37 (Attorney Stocker's Declaration)).

2. This action is STAYED, and the Clerk of the Court shall ADMINISTRATIVELY CLOSE the case pending the stay of this action. Nothing further will take place in this action until the stay is lifted and the action reopened.

3. If and when Plaintiff is ready to file his motion to substitute a proper defendant in place the deceased defendant, Plaintiff should move to lift the stay and reopen the action at the same time he files his motion for substitution. Plaintiff must file quarterly status reports describing the progress of his compliance with the claims presentation requirements of the California Probate Code, commencing **forty (45) days** from the date of this Order and continuing every **ninety (90) days** thereafter until he has fully complied with the claims presentation requirements.

4. If defense counsel wishes to trigger the 90-day period in Rule 25(a), she should move to lift the stay and reopen the action at the same time she files and properly serves a suggestion of death. If defense counsel wishes to substitute in as the proper defendant, she should move to lift the stay and reopen the action at the same time she files a motion to substitute in as a defendant.

5. Because the Court is staying these proceedings, the pending motion for summary judgment is DENIED without prejudice to refiling after the case has been reopened. Dkt. 24.

6. This Order terminates Docket Nos. 24 and 41.

IT IS SO ORDERED.

Dated: August 31, 2017

_____
YVONNE GONZALEZ ROGERS
United States District Judge

9