UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY LEWIS HIGHTOWER, <br> Plaintiff, <br> v. <br> EDWARD BIRDSONG, <br> Defendant. | Case No. 15-cv-03966-YGR (PR) <br><br> **ORDER CONTINUING STAY AND ADMINISTRATIVE CLOSURE; AND DENYING PLAINTIFF'S MOTIONS TO REOPEN ACTION AND TO SUBSTITUTE ESTATE AND ESTATE'S LAWYER IN PLACE OF DECEASED DEFENDANT** |

**I. INTRODUCTION**

This action has been stayed and administratively closed due to issues arising from the death of one of the parties, Defendant Edward Birdsong. It is now once again before the Court to address pending motions by Plaintiff to reopen action and to substitute the deceased defendant with John Birdsong, who is the Executor for the Birdsong Estate, as well as Linda Takahashi, the Estate's lawyer. *See* Dkt. 49.

For the reasons explained below, the Court DENIES Plaintiff's motions, will continue the stay and administrative closure of these proceedings, and will do nothing further until (a) Plaintiff follows the ***correct*** procedure to substitute in a proper defendant in place of the deceased defendant, or (b) the deceased defendant's representative either (1) files a document that triggers the ninety-day deadline in Federal rule of Civil Procedure 25(a) for the plaintiff to file a motion to substitute a proper defendant in place of the deceased defendant or (2) moves to substitute in as a defendant.

**II. BACKGROUND**

The following background is taken from the Court's August 31, 2017 Order:

> Plaintiff, a state prisoner incarcerated at Salinas Valley State Prison ("SVSP"), filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Dkt. 1. Plaintiff named Defendant as well as the California Department of Corrections and Rehabilitation ("CDCR"). *Id.* at 1-2. Upon screening the complaint, the Court dismissed all claims against the CDCR—state and federal—because the Eleventh Amendment prevents the CDCR, which is a state agency, from being sued in federal court. Dkt. 9 at 2. The Court found that Plaintiff had alleged a cognizable claim under 42 U.S.C. § 1983 against Defendant for

deliberate indifference to medical needs in violation of Plaintiff's Eighth Amendment rights, stemming from severe complications from treatment he received from February and April 2013. *Id.* at 2-3. Defendant was then served with process. As mentioned above, Defendant moved for summary judgment, contending that he was not deliberately indifferent to Plaintiff's serious medical needs, and that Defendant is entitled to qualified immunity. *See* Dkt. 24.

On March 9, 2017, Plaintiff filed a document entitled, "Letter of Intent and Amendment." Dkt. 34. In that filing, Plaintiff informed the Court that Defendant Birdsong has passed away. *Id.* at 1. Plaintiff then advised the Court that he intended to seek leave to amend his complaint to: (1) name the SVSP Warden and CDCR Secretary as Defendants; and (2) to substitute the Estate of Defendant Birdsong as a Defendant. *See id.*

On April 17, 2017, counsel for Defendant, Lynne G. Stocker, Esq., filed a document confirming that Defendant had indeed passed away on February 9, 2017. Dkt. 35 at 1. Defense counsel stated that she had "no contact with Dr. Birdsong's family, successors or representatives." *Id.* at 2. Defense counsel further added that she "reviewed online records for Monterey County Superior Court but has located no probate proceedings for Dr. Birdsong's estate." *Id.*

Due to the issues presented by Defendant's death, the Court, in an Order dated May 15, 2017, directed defense counsel to comply with the requirements of Federal Rule of Civil Procedure 25 by: (1) filing a formal notice of suggestion of death on the record; and (2) serving nonparty successors or representatives of Defendant with a suggestion of death in the manner required by Rule 25(a)(3). Dkt. 36 at 3. The Court further instructed defense counsel to conduct a more reasonable investigation into the status of Defendant's estate, stating as follows:

> If counsel is able to obtain the name and address of the representative of Defendant's estate, the Court orders counsel to serve nonparty successors or representatives of Defendant with a suggestion of death in the manner required by Rule 25(a)(3), and to notify the Court by filing a proof of service reflecting of the name and address of the individual so notified, as well as the date of compliance . . . .

*Id.* at 3 (citing Fed. R. Civ. P. 25(a)(3)). Finally, because Plaintiff had not yet filed a motion for substitution, the Court granted him an extension of time to do so. *Id.* at 3-4.

On June 12, 2017, defense counsel filed a declaration (in response to the Court's May 15, 2017 Order) on behalf of the specially appearing CDCR. Dkt. 37. Counsel stated that a "petition in probate had been filed by a John Birdsong under Case No. 17PR000131." *Id.* at 2. Counsel further explained that John Birdsong was represented by Linda Takahashi, Esq., and counsel stated as follows:

> On May 30, 2017 and June 7, 2017, I spoke by telephone with Ms. Takahashi. We discussed the

2

> status of this case and the Court's Order. Ms. Takahashi stated that she does not have authorization from her client to release his personal contact information to me.
>
> Stocker Decl. ¶ 7.
>
> Also on June 12, 2017, defense counsel filed a "Suggestion of Death of Defendant Dr. Edward Birdsong," which indicates that Defendant "is deceased as of February 9, 2017." Dkt. 38.

Dkt. 48 at 1-3 (footnote omitted). As mentioned above, the Court stayed this matter upon determining that Plaintiff had failed in his initial attempt to substitute the deceased defendant because he had not met the requirement to "file a claim with the decedent's estate if he wishes to pursue his complaint." *Id.* at 4. The Court further explained as follows:

> Under California law, "[e]xcept as otherwise provided by statute, a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period." Cal. Civ. Proc. Code § 377.20(a). "Subject to Part 4 (commencing with Section 9000) of Division 7 of the Probate Code governing creditor claims, a cause of action against a decedent that survives may be asserted against the decedent's personal representative or, to the extent provided by statute, against the decedent's successor in interest." Cal. Civ. Proc. Code § 377.40. That introductory phrase in California Code of Civil Procedure § 377.40 is critical—the plaintiff must comply with the claims presentation requirements of California Probate Code § 9000 et seq., or he will be unable to pursue his cause of action against the decedent's personal representative. *See* Cal. Prob. Code § 9370(a). According to California Probate Code § 9370:
>
>> (a) An action or proceeding pending against the decedent at the time of death may not be continued against the decedent's personal representative unless all of the following conditions are satisfied:
>>
>>> (1) A claim is first filed as provided in this part.
>>>
>>> (2) The claim is rejected in whole or in part.
>>>
>>> (3) Within three months after the notice of rejection is given, the plaintiff applies to the court in which the action or proceeding is pending for an order to substitute the personal representative in the action or proceeding. This paragraph applies only if the notice of rejection contains a statement that the plaintiff has three months within which to apply for an order for substitution.
>>
>> (b) No recovery shall be allowed in the action against property in the decedent's estate unless proof is made of compliance with this section.

3

> Cal. Prob. Code § 9370. Here, Plaintiff's section 1983 claim can survive the death of Defendant, but Plaintiff must comply with the claims presentation requirements of the California Probate Code if he wants to pursue this action against Defendant's personal representative. This Court will not relieve him of those obligations or assist him in satisfying those obligations.

*Id.* at 4-5.

## III. DISCUSSION

As explained above, Plaintiff requests to reopen this action because he has filed another motion to substitute the deceased defendant with John Birdsong (Executor for the Birdsong Estate) and Attorney Takahashi, the Estate's lawyer. *See* Dkt. 49.

In opposition to the motion, Attorney Stocker, former counsel of the deceased defendant (who is specially appearing for the CDCR), argues that Plaintiff's motions should be denied because Plaintiff has failed to comply with the claims presentation requirements of the California Probate Code, stating as follows:

> [Plaintiff] attests, under penalty of perjury, that he has "followed the Cal. Prob. Code § 9370" which requires that a claim be filed with the Probate Estate and that the claim be rejected before Plaintiff may apply to this Court for an order to substitute the personal representative. (Dkt. No. 49.) As noted in the moving papers, "No recovery shall be allowed in the action against property in the decedent's estate unless PROOF is made of compliance with this section." (Emphasis added.) Plaintiff sets forth the terms of the statute in his moving papers, as they were set forth in this Court's Order of August 31, 2017 (Dkt. No. 48) so he is clearly aware of its requirements. However, Plaintiff has failed to comply with the claims presentation requirements of the California Probate Code and has failed to comply with this Court's Order. (Dkt. No. 48.)

Dkt. 50 at 23. In support of her argument, Attorney Stocker requests that this Court take Judicial Notice, under Federal Rule of Evidence 201, of the docket that she obtained from the Monterey County Superior Court's website. *See id.*, Ex. A. The Court GRANTS her request for judicial notice. The record shows that the Monterey County Superior Court docket—as it relates to the Estate of Edward Birdsong (Case No. 17PR000131)—reflects that no claim against the estate has been filed by Plaintiff. *See id.*

As it has previously noted, Plaintiff's section 1983 claim can survive the death of Defendant, but Plaintiff ***must comply*** with the claims presentation requirements of the California

Probate Code if he wants to pursue this action against Defendant's personal representative. Because the record shows that Plaintiff has not done so, the Court DENIES his requests to reopen action and to substitute the deceased defendant with the aforementioned individuals. Such a denial is without prejudice to refiling *after* Plaintiff complies with the aforementioned claims presentation requirements of the California Probate Code.

The Court finds it necessary to repeat the rules governing substitution of a deceased party under Federal Rule of Civil Procedure 25(a), as follows:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a). Rule 25(a) "describes the manner in which parties are to be substituted in federal court once it is determined that the applicable substantive law allows the action to survive a party's death." *Robertson v. Wegmann*, 436 U.S. 584, 587 n.3 (1978) (internal quotation marks and citation omitted); *see also First Idaho Corp. v. Davis*, 867 F.2d 1241, 1242 (9th Cir.1989) ("Rule 25(a) dictates the method of substitution of parties in the federal courts and is purely procedural"). A "proper party" under Rule 25(a)(1) is the legal representative of the decedent, e.g., the executor of the decedent's Will or the administrator of his Estate. *See Mallonee v. Fahey*, 200 F.2d 918, 919-20 (9th Cir. 1953).

Although Rule 25(a)(1) provides a ninety-day window to file a motion for substitution or the action will be dismissed, there are two requirements to trigger the commencement of that period. "First, a party must formally suggest the death of the party upon the record." *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). The advisory committee also recognized that a "representative of the deceased party [who] desires to limit the time within which another may make the motion" may suggest the death upon the record. Fed. R. Civ. P. 25 advisory committee's note. Second, the suggestion of death must be served on the parties to the action pursuant to Federal Rule of Civil Procedure 5(b), "while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for

the service of a summons." *Barlow*, 39 F.3d at 233.

Just as it had previously found in its August 31, 2017 Order, this Court still finds that neither of Rule 25(a)'s requirements have been satisfied in this action. First, Attorney Stocker, who filed the statement of Defendant's death, had no continuing authority to represent the now-deceased client, is ***not a party*** to this action and is not the legal representative of Defendant's Estate. Therefore, the statement of death she filed did not satisfy Rule 25(a). *See Woodson v. City of Richmond*, 2014 WL 7462509 (E.D. Va. 2014) (deceased party's lawyer is not allowed to file a statement noting a party's death under Rule 25(a) because the lawyer is neither a party nor a representative or successor of the deceased party). Second, even if Attorney Stocker had the authority to file the statement of death, she did not serve that statement in the manner required by Rule 25(a) and therefore did not trigger the 90-day period within which Plaintiff must file a motion to substitute a proper party. The lawyer did not serve the statement of death on the "nonparty successors or representatives of the deceased party . . . in the manner provided by Rule 4 for the service of a summons." *Barlow*, 39 F.3d at 233. Therefore, at this time, the Court still finds that the ninety-day period in Rule 25(a) for Plaintiff to file a motion to substitute in a proper party in place of the deceased defendant has not yet been triggered because the suggestion of death has not been filed and served properly. This action will remain stayed and administratively closed until Plaintiff files a ***proper*** motion to substitute the legal representative in place of Defendant (and only doing so ***after*** filing a claim with the decedent's estate) or until Plaintiff's legal representative takes action. Plaintiff must act diligently to comply with the claims presentation requirement of the California Probate Code and the deadlines therein to avoid losing forever his ability to pursue a claim against Defendant's legal representative.

**IV. CONCLUSION**

For the reasons outlined above,

1. The Court GRANTS the request for judicial notice of the record showing that the Monterey County Superior Court docket—as it relates to the Estate of Edward Birdsong (Case No. 17PR000131)—reflects that no claim against the estate has been filed by Plaintiff.

2. The Court DENIES Plaintiff's requests to reopen this action and to substitute the

1  deceased defendant with John Birdsong (Executor for the Birdsong Estate) and Attorney

2  Takahashi, the Estate's lawyer.  Dkt. 49.

3      3.    The Court will continue the stay and administrative closure of these proceedings,

4  and will do nothing further until (a) Plaintiff follows the *correct* procedure to substitute in a proper

5  defendant in place of the deceased defendant, or (b) the deceased defendant's representative either

6  (1) files a document that triggers the ninety-day deadline in Federal rule of Civil Procedure 25(a)

7  for the plaintiff to file a motion to substitute a proper defendant in place of the deceased defendant

8  or (2) moves to substitute in as a defendant.

9      4.    This Order terminates Docket No. 49.

10  IT IS SO ORDERED.

11  Dated:  August 17, 2018

                                            _____
                                            YVONNE GONZALEZ ROGERS
                                            United States District Judge

United States District Court
Northern District of California